UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CV-88-FL

| JEANINE GENDREAU, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| v. | ) | **MEMORANDUM AND** |
|  | ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, | ) |  |
| Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| _____ | ) |  |

This matter is before the Court on the parties' cross motions for Judgment on the Pleadings **[DE's 17 & 27]**. The time for the parties to file any responses or replies has expired. Accordingly, these motions are now ripe for adjudication. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the underlying action seeks judicial review of the final decision by the Defendant denying Plaintiff's application for Disability Insurance Benefits ("DIB"). Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for a memorandum and recommendation. For the reasons set forth herein, the undersigned RECOMMENDS that Plaintiff's Motion for Judgment on the Pleadings **[DE-17]** be GRANTED and that the final decision of the Defendant be REVERSED AND REMANDED.

**Statement of the Case**

Plaintiff applied for DIB on July 22, 2004, alleging that she became unable to work on August 15, 2001, due to numerous physical impairments. [Tr. 63]. Her application was

denied initially and on reconsideration. [Tr. 66-69, 71-72]. Plaintiff received a hearing on November 17, 2005, before an Administrative Law Judge ("ALJ") who concluded that Plaintiff was not disabled during the relevant time period in a decision dated February 23, 2007. [Tr. 23-30, 41-62]. On March 28, 2008, the Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Defendant. [Tr. 4]. Plaintiff filed the instant action on July 17, 2008. **[DE-6]**.

**Standard of Review**

This Court is authorized to review the Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . .

Id.

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more

2

than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether the Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990).

## **Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process which must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed four of the five steps in the evaluation. First,

3

the ALJ found that Plaintiff is no longer engaged in substantial gainful employment. [Tr. 25]. At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: 1) migraine headaches; 2) obesity; 3) hypertension; 4) psoriatic arthritis; 5) lumbar/cervical/thoracic spine degenerative changes; 6) thyroid disease; 7) fibromyalgia; 8) plantar fasciitis; and 9) visual deficits. [Tr. 25]. In completing step three, however, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526)). [Tr. 25].

The ALJ then proceeded with step four of her analysis and determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work. [Tr. 26]. Specifically, Plaintiff is capable of: 1) lifting twenty pounds occasionally; 2) ten pounds frequently; and 3) standing and/or walking at least six hours a day in an eight-hour workday and sitting the remaining time. [Tr. 26]. Based on this finding, the ALJ concluded that Plaintiff could perform her past relevant work as a church secretary. [Tr. 29]. The ALJ did not utilize testimony from a vocational expert in making these conclusions.

After taking all of aforementioned evidence into account, the ALJ determined that Plaintiff was not under a disability at any time through the date of her decision. [Tr. 30]. However, the ALJ did not cite substantial evidence in making this determination.

Plaintiff's argues that the ALJ failed to comply with Social Security Ruling ("SSR")

4

82-62 when concluding that she could return to her past relevant work as a church secretary.
**[DE-18, p. 28]**. Plaintiff notes that pursuant to SSR 82-62, a determination that a claimant can return to past work must discuss certain specific findings of fact including:

1. A finding of fact as to the individual's RFC;

2. A finding of fact as to the physical and mental demands of the past job/occupation; and

3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62, 1982 WL 31386 (S.S.A. 1981).

In her decision, the ALJ made the following findings with regards to Plaintiff's ability to perform her past relevant work:

> The claimant has the burden of showing that she is unable to return to past relevant work due to her alleged impairments and she has failed to meet that burden in this case. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually performed.
> [Tr. 29-30].

The ALJ's statement is insufficient to satisfy the second and third requirements under SSR 82-62. For example, the ALJ failed to make any specific findings of fact regarding the physical and/or mental demands of Plaintiff's church secretary position. The ALJ also failed to make any specific findings of fact that Plaintiff's RFC would permit her to return to this position.

Nonetheless, the Defendant argues that the ALJ was not required to make specific findings of fact for her past relevant work determination; rather, it was enough for the ALJ to rely on Plaintiff's description of her past work from evidence in the record. **[DE-28, pgs. 20-22]**. This argument is contrary to both the plain language of SSR 82-62 and the policy behind the ruling. See Prim v. Astrue, 2008 WL 444537, *8 (W.D. Va. Feb. 13, 2008) (unpublished decision) (finding that "[t]he ALJ's conclusory determination that [the claimant] could return to her past relevant work . . . is devoid of the specificity and careful analysis delineated by SSR 82-62 . . . and does not rise to the level of substantial evidence"); Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. Jul. 25, 2006) (unpublished decision) (stating that "because the ALJ failed to properly develop and explain his decision that Plaintiff could return to his past relevant work, [he] did not fully comply with Social Security Ruling 82-62"); Woody v. Barnhart, 326 F. Supp. 2d 744, 749 (W.D. Va. 2004) (explaining that the ALJ's failure to substantiate the physical demands of the claimant's past relevant work resulted in "such minimal documentation and exploration of [a] pivotal factor in the Commissioner's decision [that it] amounts to a 'mere scintilla'[of evidence, which] fails to meet the 'substantial evidence' standard").

Because the ALJ did not explain why Plaintiff would be able to perform the demands of her past relevant work with the current restrictions of her RFC, her decision is not supported by substantial evidence. Therefore, it is RECOMMENDED that this case be

6

remanded to allow an ALJ to fully explain whether Plaintiff can return to her past relevant work in accordance with SSR 82-62.

## Conclusion

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings **[DE-17]** be GRANTED, and the Defendant's Motion for Judgment on the Pleadings **[DE-27]** be DENIED. Specifically, it is RECOMMENDED that the Defendant's final decision be REVERSED AND REMANDED to permit an ALJ to make specific findings of fact explaining: 1) the physical and/or mental demands of Plaintiff's past relevant work; and 2) how Plaintiff's RFC would permit her to return to her past relevant work.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 30th day of April, 2009.

_____
William A. Webb
U.S. Magistrate Judge